UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHANTELLE JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 6:24-cv-1172 |
| | ) |
| EXPERIAN INFORMATION SOLUTIONS INC., EQUIFAX INFORMATION SERVICES LLC, TRANS UNION LLC and PARAMOUNT RECOVERY SYSTEMS, L.P. | ) Complaint and Demand for Jury Trial |
| | ) |
| Defendants. | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff SHANTELLE JOHNSON as and for her Complaint respectfully alleges as follows:

## I.  INTRODUCTION

1. This is a civil action by Plaintiff, an individual consumer, seeking actual, statutory and punitive money damages against Defendant PARAMOUNT RECOVERY SYSTEMS, L.P. ("Paramount") for violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices; and Defendants PARAMOUNT RECOVERY SYSTEMS, L.P. ("Paramount"), EXPERIAN INFORMATION SOLUTIONS ("Experian"), EQUIFAX INFORMATION SERVICES

1

LLC ("Equifax") and TRANS UNION LLC ("Trans Union") for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (hereinafter "FCRA").

## II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C § 1692k(d), 15 U.S.C. § 1681(p) and 28 U.S.C. § 1331.

3. Venue in this District is proper in that the Defendants transact business in the city of Lafayette, Lafayette Parish, Louisiana, and the conduct complained of occurred in Lafayette, Louisiana.

## III. PARTIES

4. Plaintiff is a natural person residing in Lafayette, Lafayette Parish, Louisiana.

5. Plaintiff is a "consumer" as defined by the Fair Debt Collection Practices Act, 15 U.S.C. §1692a(3) and the Fair Credit Reporting Act, 15 U.S.C. §1681a, (b) and (c).

6. Upon information and belief, Defendant Paramount is a Texas entity duly authorized and qualified to do business in the State of Louisiana, with its registered agent as Corporation Service Company, 450 Laurel Street, 8th Floor, Baton Rouge, LA 70801.

7. Upon information and belief, Defendant Experian is an Ohio corporation duly authorized and qualified to do business in the State of Louisiana, with its registered agent address as C T Corporation System, 3867 Plaza Tower Dr, Baton Rouge, LA 70816.

8. Upon information and belief, Defendant Equifax is a Georgia corporation duly authorized and qualified to do business in the State of Louisiana, with its registered agent address as Corporation Service Company, 450 Laurel Street, 8th Floor, Baton Rouge, LA 70801.

9. Upon information and belief, Defendant Trans Union is a Delaware corporation duly authorized and qualified to do business in the State of Louisiana, with its registered agent address as Corporation Service Company, 450 Laurel Street, 8th Floor, Baton Rouge, LA 70801.

10. The alleged debt(s) at issue arise from transactions entered into primarily for personal, family or household purposes and is therefore a "debt" as defined by the FDCPA, 15 USC § 1692a(5).

11. Defendant Paramount is engaged in the collection of debt from consumers using the mail and telephone and regularly attempts to collect consumer debts alleged to be due to another.

12. Defendant Paramount is a "debt collector" as defined by the FDCPA, 15 U.S.C § 1692a(6).

13. Upon information and belief, Defendants Experian, Equifax and Trans Union are consumer reporting agencies (CRAs) and disburse consumer reports to third parties under contract for monetary compensation.

## IV. FACTS OF THE COMPLAINT

14. On or about January 2024, Plaintiff obtained a copy of her consumer report and discovered incomplete, inaccurate, false information furnished by Defendants Experian, Equifax and Trans Union as follows:

   (a) Defendants Experian, Equifax and Trans Union are reporting Iberia Bank account number 690337* as late 60 days, which is inaccurate.

   (b) Defendants Experian, Equifax and Trans Union are reporting Hancock Whitney Bank account number 462547509074* as a collection/charge off with a past due balance of $151.00, which is inaccurate.

   (c) Defendants Experian and Trans Union are reporting First Premier Bank account number 517800691254* as a collection/charge off with a past due balance of $575.00, which is inaccurate.

   (d) Defendants Experian and Trans Union are reporting First Progress account number 544303001124* as a collection/charge off with a past due balance of $148.00, which is inaccurate.

15. On or about January 2024, Defendant Paramount furnished one trade line, Account No. 810662666, Original Creditor: Cascade Capital Funding LLC/Main Street Emergency Group LLC, in the amount of $2,900.00.

16. On or about May 17, 2024 Plaintiff sent written disputes to Defendants Experian, Equifax and Transunion disputing the completeness and/or accuracy of the aforementioned tradelines and provided documentation to substantiate that the accounts were reporting inaccurately.

17. On or about June 3, 2024 Defendant Experian sent Plaintiff communication stating, in pertinent part, "We are responding to your request. We were unable to locate credit information about you because either you did not provide sufficient identification

information for us to verify your identity, or you have not established credit history," which is in violation of Plaintiff's right to have a re-investigation conducted regarding her consumer dispute.

18. In August 2024, Plaintiff noticed that despite her disputes, the alleged tradelines were still being reported inaccurately on her consumer report.

19. Upon information and belief, Defendants Experian, Equifax and Trans Union sent a dispute to Defendant Paramount providing all relevant disputed information.

20. Upon information and belief, Defendant Paramount verified to Defendants Experian, Equifax and Trans Union that the tradeline was accurate.

21. Upon information and belief, Defendants Experian, Equifax and Trans Union sent a dispute to Iberia Bank and Hancock Whitney Bank providing all relevant disputed information.

22. Upon information and belief, Defendants Experian and Trans Union sent a dispute to First Premier Bank and First Progress providing all relevant disputed information.

23. The FCRA demands of CRAs that they utilize reasonable procedures to assure maximum possible accuracy of the information they report. 15 U.S.C. §1681e(b). When a consumer disputes an item of information, the agency must investigate the dispute and, if the information cannot be verified, delete it. 15 U.S.C. §1681i.

24. Also, when a consumer disputes the accuracy of information through the CRAs, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's

5

dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

25. As a result of the actions and inactions of all Defendants, Plaintiff suffered damages, including but not limited to, her FICO scores to be lowered resulting in her being denied credit or being granted credit with a much higher interest rate, the inability to secure adequate transportation and housing for her family, the inability to secure employment, severe humiliation, emotional distress and mental anguish.

## V. FIRST CLAIM FOR RELIEF
## 15 U.S.C. § 1681s-2(b)(1)(A)
## (Defendant Paramount)

26. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

27. Defendant has violated 15 U.S.C. § 1681s-2(b)(1)(A) in that they failed to conduct a reasonable investigation on the collection item that is furnished to the Consumer Reporting Agencies.

28. Defendant caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

29. Defendant's conduct was negligent and/or willful.

30. Plaintiff is entitled to actual damages, punitive damages, attorney's fees and litigation costs for Defendants' willful acts pursuant to 15 U.S.C. § 1681n.

31. Alternatively, Plaintiff is entitled to actual damages, and litigation costs if Defendants' violations are negligent, pursuant to 15 U.S.C. §1681o.

## VI. SECOND CLAIM FOR RELIEF
## 15 U.S.C. §1681s-2(b)(1)(B)
## (Defendant Paramount)

32. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

33. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information forwarded to them by the consumer reporting agencies, on the collection item that did not belong to Plaintiff.

34. Defendant caused injury in fact, by causing, among other things, mental and emotional distress, damage to Plaintiff's credit reputation and rating, and other injuries and damages to Plaintiff.

35. Defendant's conduct was negligent and/or willful.

36. Plaintiff is entitled to recover actual damages, punitive damages, attorney's fees and costs pursuant 15 U.S.C. § 1681n.

37. Alternatively, Plaintiff is entitled to actual damages, costs and attorney's fees if the violation is negligent, pursuant to 15 U.S.C. §1681o.

## VII. THIRD CLAIM FOR RELIEF
## 15 U.S.C. §1681s-2(b)(1)(C)
## (Defendant Paramount)

38. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

39. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(C) by failing to report the accurate information about the alleged tradeline to the consumer reporting agencies and by failing to report the results of the reinvestigation.

40. Defendant caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

41. Defendant's conduct was negligent and/or willful.

42. Plaintiff is entitled to recover actual damages, punitive damages, attorney's fees and costs pursuant to 15 U.S.C. § 1681n.

43. Alternatively, Plaintiff is entitled to actual damages, costs, and attorney's fees if the violation is negligent, pursuant to 15 U.S.C. §1681o.

## VIII. FOURTH CLAIM FOR RELIEF
### 15 U.S.C. §1681s-2(b)(1)(D)
### (Defendant Paramount)

44. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

45. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(D) by failing to report accurate information to the consumer reporting agencies and continuing to report information that was false, inaccurate and unverifiable because the alleged debt did not belong to Plaintiff.

46. Defendant caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

47. Defendant's conduct was negligent and/or willful.

48. Plaintiff is entitled to recover actual damages, punitive damages, costs and attorney's fees pursuant 15 U.S.C. § 1681n.

49. Alternatively, Plaintiff is entitled to recover actual damages, costs and attorney's fees if the violation is negligent, pursuant to 15 U.S.C. §1681o.

## IX. FIFTH CLAIM FOR RELIEF
### 15 U.S.C. §1681s-2(b)(1)(E)
### (Defendant Paramount)

50. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

51. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to have procedures in their system and failing to have a procedure with the consumer reporting agencies to (i) modify the inaccurate information in their system, (ii) delete the inaccurate or unverifiable, erroneous, information, or (iii) block the re-reporting of inaccurate or unverifiable information.

52. Defendant caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

53. Defendant's conduct was negligent and/or willful.

54. Plaintiff is entitled to recover actual damages, punitive damages, costs and attorney's fees pursuant 15 U.S.C. § 1681n.

55. Alternatively, Plaintiff is entitled to recover actual damages, costs and attorney's fees if the violation is negligent, pursuant to 15 U.S.C. §1681o.

## X. SIXTH CLAIM FOR RELIEF
## 15 U.S.C. §1692e(2)(A)
## (Defendant Paramount)

56. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

57. Defendant violated 15 U.S.C. §1692e(2)(A) by falsely representing the legal status of the alleged debt to the consumer reporting agencies.

58. Defendant caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

59. Alternatively, Plaintiff is entitled to recover actual damages, costs and attorney's fees pursuant to 15 U.S.C. §1692k.

## XI. SEVENTH CLAIM FOR RELIEF
## 15 U.S.C. §1692f(1)
## (Defendant Paramount)

60. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

61. Defendant violated 15 U.S.C. §1692f(1) by attempting to collect on an amount not permitted by agreement or law.

62. Defendant caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

63. Alternatively, Plaintiff is entitled to recover actual damages, costs and attorney's fees pursuant to 15 U.S.C. §1692k.

## XII. EIGHTH CLAIM FOR RELIEF
### 15 U.S.C. §1692e(8) & 15 U.S.C. §1692e(2)
### (Defendant Paramount)

64. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

65. Defendant's violations include, but are not limited to, the following: Defendant violated 15 U.S.C § 1692e(8) and 15 U.S.C § 1692e(2) of the FDCPA by reporting to a third party, specifically consumer reporting agencies, false information regarding Plaintiff's alleged account when it knew from its own records that the account did not belong to Plaintiff.

66. As a result of the above violation of the FDCPA, the Defendant is liable to Plaintiff for actual damages, statutory damages and costs.

## XIII. NINTH CLAIM FOR RELIEF
### 15 U.S.C. § 1681e(b)
### (Defendants Experian, Equifax and TransUnion)

67. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

68. Defendants Experian, Equifax and TransUnion violated 15 U.S.C. § 1681e(b) because they failed to follow reasonable procedures to assure maximum possible accuracy when preparing a consumer report purportedly concerning Plaintiff.

69. Defendants Experian, Equifax and TransUnion have caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and other damages to Plaintiff.

70. At all times alleged herein, Defendants Experian, Equifax and TransUnion acted negligently and/or willfully.

71. Defendants Experian, Equifax and TransUnion are liable to Plaintiff for actual damages, punitive damages, attorney's fees and costs pursuant to 15 U.S.C. §1681n and actual damages, attorney's fees and costs pursuant to 15 U.S.C. §1681o.

### XIV. TENTH CLAIM FOR RELIEF
### 15 U.S.C. §1681i(a)(2)
### (Defendants Experian, Equifax and TransUnion)

72. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

73. Defendants Experian, Equifax and TransUnion have failed to comply with the reinvestigation requirements in 15 U.S.C. §1681i.

74. Defendants Experian, Equifax and TransUnion have violated 15 U.S.C. § 1681i(a)(2) in that they failed to consider and forward all relevant information to the furnisher of information.

75. Defendants Experian, Equifax and Trans Union have caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

76. Defendants Experian, Equifax and TransUnion have done so either negligently or willfully.

77. Plaintiff is entitled to actual damages, punitive damages, and costs pursuant 15 U.S.C. § 1681o.

78. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681n.

## XV. ELEVENTH CLAIM FOR RELIEF
## 15 U.S.C. §1681i(a)(4)
## (Defendants Experian, Equifax and TransUnion)

79. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

80. Defendants Experian, Equifax and TransUnion have violated 15 U.S.C. §1681i(a)(4) in that they failed to delete information that was inaccurate or could not be verified.

81. Defendants Experian, Equifax and TransUnion have caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and resulting in credit damages to Plaintiff.

82. At all times alleged herein, Defendants Experian, Equifax and TransUnion acted negligently and/or willfully.

83. Defendants Experian, Equifax and TransUnion are liable to Plaintiff for actual damages, punitive damages, attorney's fees and costs pursuant to 15 U.S.C. §1681n and actual damages, attorney's fees and costs pursuant to 15 U.S.C. §1681o.

## XVI. TWELFTH CLAIM FOR RELIEF
## 15 U.S.C. §1681i(a)(5)
## (Defendants Experian, Equifax and TransUnion)

84. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

85. Defendants Experian, Equifax and TransUnion violated 15 U.S.C. §1681i(a)(5) because they (i) failed to reinvestigate the inaccurate tradelines on Plaintiff's consumer report, (ii) failed to find it to be inaccurate, and (iii) failed to promptly notify the furnishers of information that the information was deleted from Defendant's file of Plaintiff.

86. Defendants Experian, Equifax and TransUnion violated 15 U.S.C. §1681i(a)(5) in that they failed to have a procedure to prevent the reoccurrence of inaccurate or unverifiable information.

87. Defendants Experian, Equifax and TransUnion have caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and other damages to Plaintiff.

88. At all times alleged herein, Defendants Experian, Equifax and TransUnion acted negligently and/or willfully.

89. Defendants Experian, Equifax and TransUnion are liable to Plaintiff for actual damages, punitive damages, attorney's fees and costs pursuant to 15 U.S.C. §1681n and actual damages, attorney's fees and costs pursuant to 15 U.S.C. §1681o.

### XVII. THIRTEENTH CLAIM FOR RELIEF
### 15 U.S.C. §1681i(a)(6)(B)(iii)
### (Defendants Experian, Equifax and TransUnion)

90. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

91. Defendants Experian, Equifax and TransUnion have violated 15 U.S.C. § 1681i(a)(6)(B)(iii) in that they failed to have a procedure to prevent giving false information upon re-investigation.

92. Defendants Experian, Equifax and TransUnion have caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and resulting in credit damages to Plaintiff.

93. At all times alleged herein, Defendants Experian, Equifax and TransUnion acted negligently and/or willfully.

94. Defendants Experian, Equifax and TransUnion are liable to Plaintiff for actual damages, punitive damages, attorney's fees and costs pursuant to 15 U.S.C. §1681n and actual damages, attorney's fees and costs pursuant to 15 U.S.C. §1681o.

### XVIII. FOURTEENTH CLAIM FOR RELIEF
### 15 U.S.C. §1681i(7)
### (Defendants Experian, Equifax and TransUnion)

95. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

96. Defendants Experian, Equifax and TransUnion have violated 15 U.S.C. §1681i(7) in that they failed to provide a written description of the procedures used to determine the accuracy and completeness of the disputed information.

97. Defendants Experian, Equifax and TransUnion have caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and resulting in credit damages to Plaintiff.

98. Defendants Experian, Equifax and Transunion acted negligently and/or willfully.

99. Defendants are liable to Plaintiff for actual damages, punitive damages, attorney's fees and costs pursuant to 15 U.S.C. §1681n and actual damages, attorney's fees and costs pursuant to 15 U.S.C. §1681o.

## XIX. JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests a jury trial and entry of judgment in favor of Plaintiff and against all Defendants for:

    A.    Actual or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A) and 15 U.S.C. § 1692k(a).

    B.    Actual damages pursuant to 15 U.S.C. § 1681o(a)(1) and 15 USC § 1692k(a)(1);

    C.    Costs and attorney's fees pursuant to 15 USC § 1681n(a)(3) and 15 U.S.C § 1681o(b) and 15 USC § 1692k(a)(3);

    D.    For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: August 27, 2024

By: s/ Tiffany Hill
Tiffany Hill, Esq. (OBA# 31332)
3010 LBJ Freeway, Suite 1200
Dallas, TX 75234
(405) 456-9406
thlegalconsulting@gmail.com
*ATTORNEY FOR PLAINTIFF*