IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| SHANTELLE JOHNSON,<br><br>*Plaintiff,*<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES, LLC; TRANS UNION, LLC; and PARAMOUNT RECOVERY SYSTEMS LP;<br><br>*Defendants.* | Civil Action No. 6:24-cv-01172-RRS-DJA<br><br>Judge Robert R. Summerhays<br><br>Magistrate Judge David J. Ayo |

**DEFENDANT TRANS UNION, LLC'S
ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Trans Union LLC ("Trans Union"), by Counsel, files its Answer to Plaintiff Shantelle Johnson's ("Plaintiff") Complaint ("Complaint"). The paragraph numbers below correspond in the order of the unnumbered paragraph numbers contained in Plaintiff's Complaint to the extent possible.

## I.   INTRODUCTION

1. Trans Union admits only that Plaintiff has asserted claims pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA") and the Fair Debt Collection Practice Act, 15 U.S.C. § 1692, et seq. ("FDCPA"). Trans Union denies the remaining allegations in this paragraph.

## II.   JURISDICTION AND VENUE

2. Trans Union admits that jurisdiction is proper in this Court.

3. Trans Union admits, solely based on the allegations contained in Plaintiff's Complaint, that venue is proper in this Court.

### III. PARTIES

4. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

5. Trans Union admits only that Plaintiff is a "consumer" as defined in 15 U.S.C. § 1681a(c) of the FCRA. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

6. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

7. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

8. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

9. Trans Union admits that it is a Delaware limited liability company with its principal place of business in Chicago, Illinois. Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

10. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

11. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

12. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

13. Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* Trans Union is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

## IV.   FACTS OF THE COMPLAINT

14.   Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

15.   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

16.   Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

17.   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

18.   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

19.   Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

20.   Trans Union states that it lacks knowledge or information at this time sufficient to

form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

21. Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

22. Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

23. Trans Union states that the cited provision of the FCRA speaks for itself. To the extent Plaintiff misquotes or mischaracterizes the requirements set forth therein, Trans Union denies the remaining allegations contained of this paragraph. Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

24. Trans Union states that the cited provision of the FCRA speaks for itself. To the extent Plaintiff misquotes or mischaracterizes the requirements set forth therein, Trans Union denies the remaining allegations contained of this paragraph. Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

25. Trans Union denies the allegations of this paragraph as they apply to Trans Union.

Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

### V. FIRST CLAIM FOR RELIEF
### 15 U.S.C. § 1681s-2(b)(1)(A)
### (Defendant Paramount)

26. Trans Union restates and incorporates its responses to paragraphs 1 through 25 above as though fully stated herein.

27. Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

28. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

29. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

30. Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

31. Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## VI. SECOND CLAIM FOR RELIEF
### 15 U.S.C. § 1681s-2(b)(1)(B)
### (Defendant Paramount)

32. Trans Union restates and incorporates its responses to paragraphs 1 through 31 above as though fully stated herein.

33. Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

34. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

35. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

36. Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

37. Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## VII. THIRD CLAIM FOR RELIEF
### 15 U.S.C. § 1681s-2(b)(1)(C)
### (Defendant Paramount)

38. Trans Union restates and incorporates its responses to paragraphs 1 through 37 above as though fully stated herein.

39. Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to

Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

40. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

41. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

42. Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

43. Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## VIII. FOURTH CLAIM FOR RELIEF
### 15 U.S.C. § 1681s-2(b)(1)(D)
### (Defendant Paramount)

44. Trans Union restates and incorporates its responses to paragraphs 1 through 43 above as though fully stated herein.

45. Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

46. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

47. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

48. Trans Union denies that the statements contained in this paragraph require a

7567351.1

response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

49. Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

### IX. FIFTH CLAIM FOR RELIEF
### 15 U.S.C. § 1681s-2(b)(1)(E)
### (Defendant Paramount)

50. Trans Union restates and incorporates its responses to paragraphs 1 through 49 above as though fully stated herein.

51. Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

52. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

53. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

54. Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

55. Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## X. SIXTH CLAIM FOR RELIEF
## 15 U.S.C. § 1692e(2)(A)
## (Defendant Paramount)

56. Trans Union restates and incorporates its responses to paragraphs 1 through 55 above as though fully stated herein.

57. Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

58. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

59. Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## XI. SEVENTH CLAIM FOR RELIEF
## 15 U.S.C. § 1692f(1)
## (Defendant Paramount)

60. Trans Union restates and incorporates its responses to paragraphs 1 through 59 above as though fully stated herein.

61. Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

62. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

63. Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to

Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## XII. EIGHTH CLAIM FOR RELIEF
## 15 U.S.C. § 1692e(8) & 15 U.S.C. § 1692e(2)
## (Defendant Paramount)

64. Trans Union restates and incorporates its responses to paragraphs 1 through 63 above as though fully stated herein.

65. Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

66. Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## XIII. NINTH CLAIM FOR RELIEF
## 15 U.S.C. § 1681e(b)
## (Defendants Experian, Equifax and TransUnion)

67. Trans Union restates and incorporates its responses to paragraphs 1 through 66 above as though fully stated herein.

68. Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

69. Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

70. Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

71. Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

### XIV. TENTH CLAIM FOR RELIEF
### 15 U.S.C. § 1681i(a)(2)
### (Defendants Experian, Equifax and TransUnion)

72. Trans Union restates and incorporates its responses to paragraphs 1 through 72 above as though fully stated herein.

73. Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

74. Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

75. Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule

8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

76. Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

77. Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

78. Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## XV. ELEVENTH CLAIM FOR RELIEF
### 15 U.S.C. § 1681i(a)(4)
### (Defendants Experian, Equifax and TransUnion)

79. Trans Union restates and incorporates its responses to paragraphs 1 through 78 above as though fully stated herein.

80. Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

81. Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response

7567351.1

from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

82. Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

83. Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

### XVI. TWELFTH CLAIM FOR RELIEF
### 15 U.S.C. § 1681i(a)(5)
### (Defendants Experian, Equifax and TransUnion)

84. Trans Union restates and incorporates its responses to paragraphs 1 through 83 above as though fully stated herein.

85. Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

86. Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

87. Trans Union denies the allegations of this paragraph as they apply to Trans Union.

Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

88. Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

89. Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

### XVII. THIRTEENTH CLAIM FOR RELIEF
### 15 U.S.C. § 1681i(a)(6)(B)(iii)
### (Defendants Experian, Equifax and TransUnion)

90. Trans Union restates and incorporates its responses to paragraphs 1 through 89 above as though fully stated herein.

91. Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

92. Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

93. Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

94. Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

### XVIII. FOURTEENTH CLAIM FOR RELIEF
### 15 U.S.C. § 1681i(7
### (Defendants Experian, Equifax and TransUnion)

95. Trans Union restates and incorporates its responses to paragraphs 1 through 94 above as though fully stated herein.

96. Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

97. Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

98. Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule

8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

99. Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## XIX.  JURY DEMAND AND PRAYER FOR RELIEF

Trans Union denies the allegations contained in the Prayer for Relief paragraph of the Complaint. Trans Union admits only that Plaintiff demands a jury trial

## DENIAL OF ANY REMAINING ALLEGATIONS

Except as expressly admitted herein, Trans Union denies any remaining allegations contained in the Complaint.

## DEFENSES

100. Plaintiff's Complaint fails to state a claim on which relief can be granted.

101. Plaintiff's claims against Trans Union are barred by the statutes of limitations or repose under any applicable law.

102. At all relevant times, Trans Union maintained and followed reasonable procedures to avoid violations of the FCRA and assure maximum possible accuracy of the information concerning Plaintiff in preparing consumer reports related to Plaintiff.

103. Any alleged damages to Plaintiff, which Trans Union continues to deny, are the result of the acts or omissions of Plaintiff or others, over whom Trans Union has no control and for whom Trans Union has no responsibility.

104. Trans Union, in compliance with the FCRA, reasonably and completely reinvestigated and verified, updated, or removed all information disputed by Plaintiff.

16

105. Trans Union at all times acted in compliance with the FCRA.

106. Plaintiff failed to mitigate her alleged damages.

107. Plaintiff's claims for exemplary or punitive damages and the FCRA damage model violate the Due Process Clause of the Fourteenth Amendment and the laws of the State of Louisiana.

108. In the event that a settlement is reached between Plaintiff and any other person or entity, Trans Union is entitled to any settlement credits permitted by law.

109. Any alleged damages to Plaintiff, which Trans Union continues to deny, were caused in whole or in part by an intervening or superseding cause.

110. Trans Union affirmatively pleads that it is entitled to attorney's fees in the event that the Court determines that the Plaintiff has filed an unsuccessful pleading, motion, or other paper in connection with this action under Section 1681n or 1681o of the FCRA in bad faith or for purposes of harassment.

111. Trans Union reserves the right to assert additional defenses as may become apparent through additional investigation and discovery.

WHEREFORE, PREMISES CONSIDERED, Defendant Trans Union LLC, respectfully requests that this Honorable Court deny the relief requested in Plaintiff's Complaint, dismiss the action in its entirety, grant Trans Union its costs of suit and expenses incurred herein, including reasonable attorneys' fees, and for such other and further relief as the Court deems just.

Respectfully submitted,

*s/ Walter F. Wolf*

**GEORGE FAGAN**
Louisiana Bar No. 14260
gfagan@leakeandersson.com
**WALTER F. WOLF**
Louisiana Bar No. 21953
wwolf@leakeandersson.com
**LEAKE & ANDERSSON LLP**
1100 Poydras Street, Suite 1700
New Orleans, LA 70163
(504) 585-7500
(504) 585-7775 Fax
***Counsel for Trans Union LLC***

## CERTIFICATE OF SERVICE

      I hereby certify that on this the 4th day of October 2024, I electronically filed the above and foregoing document with the Clerk of the Court using the electronic case filing system, which will send notification of such filing to the following:

Tiffany L. Hill
thlegalconsulting@gmail.com
Law Office of Tiffany Hill
3010 LBJ Freeway, Suite 1200
Dallas, TX 75234
(318) 512-5189
***Counsel for Plaintiff***

                              *s/ Walter F. Wolf*
                      _____
                             WALTER F. WOLF

7567351.1