IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| SHANTELLE JOHNSON<br>    Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS INC., EQUIFAX INFROMATION SERVICES LLC, TRANSUNION LLC, AND PARAMOUNT RECOVERY SYSTEMS, L.P. | C. A. NO. 6:24-cv-01172-RRS-DJA |

**DEFENDANT PARAMOUNT RECOVERY SYSTEMS, L.P.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, Paramount Recovery Systems, L.P., by and through the undersigned counsel, and would show as follows:

## I. INTRODUCTION

1. Paragraph 1 is a recitation of the United States Code; therefore, no admission or denial is required. However, to the extent necessary, Defendant denies any allegations of wrongdoing.

## II. JURISDICTION AND VENUE

2. Defendant admits that jurisdiction is proper in this case as presented in paragraph 2 of Plaintiffs' Complaint.

3. Defendant denies venue is proper in this case as presented in paragraph 3 of Plaintiff's Complaint.

## III. PARTIES

4. Defendant is without sufficient information to admit or deny the allegations in paragraph 4 of the Complaint; and therefore, they are denied.

5. Defendant is without sufficient information to admit or deny the allegations in paragraph 5 of the Complaint; and therefore, they are denied.

6. The allegations in paragraph 6 of Plaintiff's Complaint are admitted.

7. Defendant is unable to admit or deny the allegations presented in paragraph 7 as it has no knowledge of the same.

8. Defendant is unable to admit or deny the allegations presented in paragraph 8 as it has no knowledge of the same.

9. Defendant is unable to admit or deny the allegations presented in paragraph 9 as it has no knowledge of the same.

10. Defendant is without sufficient information to admit or deny the allegations in paragraph 10 of the Complaint; and therefore, they are denied.

11. Defendant admits that it is a debt collector. Defendant denies the remaining allegations of paragraph 11 of the Complaint as phrased.

12. Defendant admits the allegations presented in paragraph 12 of Plaintiff's Complaint.

13. Defendant admits that on information and belief Defendants Experian, Equifax and Trans Union are considered consumer reporting agencies. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13 of Plaintiff's Complaint.

## IV. FACTS OF THE COMPLAINT

14. Defendant is unable to admit or deny the allegations presented in paragraph 14 and subsections (a) through (d) as it has no knowledge of the same. However, to the extent necessary, Defendant denies any allegations of wrongdoing.

15. Defendant admits to reporting a single legitimately owed debt by the Plaintiff to the credit reporting agencies.

16. Defendant is unable to admit or deny the allegations presented in paragraph 16 as it has no knowledge of the same. However, to the extent necessary, Defendant denies any allegations of wrongdoing.

17. Defendant is unable to admit or deny the allegations presented in paragraph 17 as it has no knowledge of the same. However, to the extent necessary, Defendant denies any allegations of wrongdoing.

18. Defendant is unable to admit or deny the allegations presented in paragraph 18 as it has no knowledge of the same. However, to the extent necessary, Defendant denies any allegations of wrongdoing.

19. Defendant has no knowledge of and denies it received any dispute or ACDV from co-Defendants Experian, Equifax and Trans Union.

20. Defendant has no knowledge of and denies it verified Plaintiff's trade line to Defendants Experian, Equifax and Trans Union because Defendant was never under any duty to do so because it never received a dispute or ACDV from co-Defendants Experian, Equifax and Trans Union.

21. Defendant is unable to admit or deny the allegations presented in paragraph 21 as it has no knowledge of the same. However, to the extent necessary, Defendant denies any allegations of wrongdoing.

22. Defendant is unable to admit or deny the allegations presented in paragraph 22 as it has no knowledge of the same. However, to the extent necessary, Defendant denies any allegations of wrongdoing.

23. Paragraph 23 of the complaint is a recitation of the United States Code; therefore, no admission or denial is required. However, to the extent necessary, Defendant denies any allegations of wrongdoing.

24. Paragraph 24 is a recitation of the United States Code; therefore, no admission or denial is required. However, to the extent necessary, Defendant denies any allegations of wrongdoing.

25. Defendant denies the allegations presented in paragraph 25 of Plaintiff's Complaint.

### V. FIRST CLAIM FOR RELIEF
### 15 U.S.C 1681s-2(b)(1)(A)
### (Defendant Paramount)

26. Paragraph 26 is a recitation of all previous paragraphs; therefore, no admission or denial is required. However, to the extent necessary, Defendant denies any allegations of wrongdoing.

27. Defendant denies the allegations presented in paragraph 27 of Plaintiff's Complaint.

28. Defendant denies the allegations presented in paragraph 28 of Plaintiff's Complaint.

29. Defendant denies the allegations presented in paragraph 29 of Plaintiff's Complaint.

30. Defendant denies the allegations presented in paragraph 30 of Plaintiff's Complaint.

31. Defendant denies the allegations presented in paragraph 31 of Plaintiff's Complaint.

## VI. SECOND CLAIM FOR RELIEF
### 15 U.S.C. §1681s-2(b)(1)(B)
### (Defendant Paramount)

32. Paragraph 32 is a recitation of all previous paragraphs; therefore, no admission or denial is required. However, to the extent necessary, Defendant denies any allegations of wrongdoing.

33. Defendant denies the allegations presented in paragraph 33 of Plaintiff's Complaint. Defendant never received any relevant information from the consumer reporting agencies.

34. Defendant denies the allegations presented in paragraph 34 of Plaintiff's Complaint.

35. Defendant denies the allegations presented in paragraph 35 of Plaintiff's Complaint.

36. Defendant denies the allegations presented in paragraph 36 of Plaintiff's Complaint.

37. Defendant denies the allegations presented in paragraph 37 of Plaintiff's Complaint.

### VII. THIRD CLAIM FOR RELIEF
### 15 U.S.C. §1681s-2(b)(1)(C)
### (Defendant Paramount)

38. Paragraph 38 is a recitation of all previous paragraphs; therefore, no admission or denial is required. However, to the extent necessary, Defendant denies any allegations of wrongdoing.

39. Defendant denies the allegations presented in paragraph 39 of Plaintiff's Complaint.

40. Defendant denies the allegations presented in paragraph 40 of Plaintiff's Complaint.

41. Defendant denies the allegations presented in paragraph 41 of Plaintiff's Complaint.

42. Defendant denies the allegations presented in paragraph 42 of Plaintiff's Complaint.

43. Defendant denies the allegations presented in paragraph 43 of Plaintiff's Complaint.

### VIII. FOURTH CLAIM FOR RELIEF
### 15 U.S.C. §1681s-2(b)(1)(D)
### (Defendant Paramount)

44. Paragraph 44 is a recitation of all previous paragraphs; therefore, no admission or denial is required. However, to the extent necessary, Defendant denies any allegations of wrongdoing.

45. Defendant denies the allegations presented in paragraph 45 of Plaintiff's Complaint.

46. Defendant denies the allegations presented in paragraph 46 of Plaintiff's Complaint.

47. Defendant denies the allegations presented in paragraph 47 of Plaintiff's Complaint.

48. Defendant denies the allegations presented in paragraph 48 of Plaintiff's Complaint.

49. Defendant denies the allegations presented in paragraph 49 of Plaintiff's Complaint.

### IX. FIFTH CLAIM FOR RELIEF
### 15 U.S.C. §1681s-2(b)(1)(E)
### (Defendant Paramount)

50. Paragraph 50 is a recitation of all previous paragraphs; therefore, no admission or denial is required. However, to the extent necessary, Defendant denies any allegations of wrongdoing.

51. Defendant denies the allegations presented in paragraph 51 of Plaintiff's Complaint.

52. Defendant denies the allegations presented in paragraph 52 of Plaintiff's Complaint.

53. Defendant denies the allegations presented in paragraph 53 of Plaintiff's Complaint.

54. Defendant denies the allegations presented in paragraph 54 of Plaintiff's Complaint.

55. Defendant denies the allegations presented in paragraph 55 of Plaintiff's Complaint.

## X. SIXTH CLAIM FOR RELIEF
## 15 U.S.C. §1692e(2)(A)
## (Defendant Paramount)

56. Paragraph 56 is a recitation of all previous paragraphs; therefore, no admission or denial is required. However, to the extent necessary, Defendant denies any allegations of wrongdoing.

57. Defendant denies the allegations presented in paragraph 57 of Plaintiff's Complaint.

58. Defendant denies the allegations presented in paragraph 58 of Plaintiff's Complaint.

59. Defendant denies the allegations presented in paragraph 59 of Plaintiff's Complaint.

## XI. SEVENTH CLAIM FOR RELIEF
## 15 U.S.C. §1692f(1)
## (Defendant Paramount)

60. Paragraph 60 is a recitation of all previous paragraphs; therefore, no admission or denial is required. However, to the extent necessary, Defendant denies any allegations of wrongdoing.

61. Defendant denies the allegations presented in paragraph 61 of Plaintiff's Complaint.

62. Defendant denies the allegations presented in paragraph 62 of Plaintiff's Complaint.

63. Defendant denies the allegations presented in paragraph 63 of Plaintiff's Complaint.

## XII. EIGHTH CLAIM FOR RELIEF
### 15 U.S.C. §1692e(8) & 15 U.S.C. §1692e(2)
### (Defendant Paramount)

64. Paragraph 64 is a recitation of all previous paragraphs; therefore, no admission or denial is required. However, to the extent necessary, Defendant denies any allegations of wrongdoing

65. Defendant denies the allegations presented in paragraph 65 of Plaintiff's Complaint.

66. Defendant denies the allegations presented in paragraph 66 of Plaintiff's Complaint.

## XIII. NINTH CLAIM FOR RELIEF
### 15 U.S.C. § 1681e(b)
### (Defendants Experian, Equifax and TransUnion)

67. Paragraph 67 is a recitation of all previous paragraphs; therefore, no admission or denial is required. However, to the extent necessary, Defendant denies any allegations of wrongdoing.

68. Defendant is unable to admit or deny the allegations presented in paragraph 68 as it has no knowledge of the same. However, to the extent necessary, Defendant denies any allegations of wrongdoing.

69. Defendant is unable to admit or deny the allegations presented in paragraph 69 as it has no knowledge of the same. However, to the extent necessary, Defendant denies any allegations of wrongdoing.

70. Defendant is unable to admit or deny the allegations presented in paragraph 70 as it has no knowledge of the same. However, to the extent necessary, Defendant denies any allegations of wrongdoing.

71. Defendant is unable to admit or deny the allegations presented in paragraph 71 as it has no knowledge of the same. However, to the extent necessary, Defendant denies any allegations of wrongdoing.

### XIV. TENTH CLAIM FOR RELIEF
### 15 U.S.C. §1681i(a)(2)
### (Defendants Experian, Equifax and TransUnion)

72. Paragraph 72 is a recitation of all previous paragraphs; therefore, no admission or denial is required. However, to the extent necessary, Defendant denies any allegations of wrongdoing.

73. Defendant is unable to admit or deny the allegations presented in paragraph 73 as it has no knowledge of the same. However, to the extent necessary, Defendant denies any allegations of wrongdoing.

74. Defendant is unable to admit or deny the allegations presented in paragraph 74 as it has no knowledge of the same. However, to the extent necessary, Defendant denies any allegations of wrongdoing.

75. Defendant is unable to admit or deny the allegations presented in paragraph 75 as it has no knowledge of the same. However, to the extent necessary, Defendant denies any allegations of wrongdoing.

76. Defendant is unable to admit or deny the allegations presented in paragraph 76 as it has no knowledge of the same. However, to the extent necessary, Defendant denies any allegations of wrongdoing.

77. Defendant is unable to admit or deny the allegations presented in paragraph 77 as it has no knowledge of the same. However, to the extent necessary, Defendant denies any allegations of wrongdoing.

78. Defendant is unable to admit or deny the allegations presented in paragraph 78 as it has no knowledge of the same. However, to the extent necessary, Defendant denies any allegations of wrongdoing.

### XV. ELEVENTH CLAIM FOR RELIEF
### 15 U.S.C. §1681i(a)(4)
### (Defendants Experian, Equifax and TransUnion)

79. Paragraph 79 is a recitation of all previous paragraphs; therefore, no admission or denial is required. However, to the extent necessary, Defendant denies any allegations of wrongdoing.

80. Defendant is unable to admit or deny the allegations presented in paragraph 80 as it has no knowledge of the same. However, to the extent necessary, Defendant denies any allegations of wrongdoing.

81. Defendant is unable to admit or deny the allegations presented in paragraph 81 as it has no knowledge of the same. However, to the extent necessary, Defendant denies any allegations of wrongdoing.

82. Defendant is unable to admit or deny the allegations presented in paragraph 82 as it has no knowledge of the same. However, to the extent necessary, Defendant denies any allegations of wrongdoing.

83. Defendant is unable to admit or deny the allegations presented in paragraph 83 as it has no knowledge of the same. However, to the extent necessary, Defendant denies any allegations of wrongdoing.

### XVI. TWELFTH CLAIM FOR RELIEF
### 15 U.S.C. §1681i(a)(5)
### (Defendants Experian, Equifax and TransUnion)

84. Paragraph 84 is a recitation of all previous paragraphs; therefore, no admission or denial is required. However, to the extent necessary, Defendant denies any allegations of wrongdoing.

85. Defendant is unable to admit or deny the allegations presented in paragraph 85 as it has no knowledge of the same. However, to the extent necessary, Defendant denies any allegations of wrongdoing.

86. Defendant is unable to admit or deny the allegations presented in paragraph 86 as it has no knowledge of the same. However, to the extent necessary, Defendant denies any allegations of wrongdoing.

87. Defendant is unable to admit or deny the allegations presented in paragraph 87 as it has no knowledge of the same. However, to the extent necessary, Defendant denies any allegations of wrongdoing.

88. Defendant is unable to admit or deny the allegations presented in paragraph 88 as it has no knowledge of the same. However, to the extent necessary, Defendant denies any allegations of wrongdoing.

89. Defendant is unable to admit or deny the allegations presented in paragraph 89 as it has no knowledge of the same. However, to the extent necessary, Defendant denies any allegations of wrongdoing.

### XVII. THIRTEENTH CLAIM FOR RELIEF
### 15 U.S.C. §1681i(a)(6)(B)(iii)
### (Defendants Experian, Equifax and TransUnion)

90. Paragraph 90 is a recitation of all previous paragraphs; therefore, no admission or denial is required. However, to the extent necessary, Defendant denies any allegations of wrongdoing.

91. Defendant is unable to admit or deny the allegations presented in paragraph 91 as it has no knowledge of the same. However, to the extent necessary, Defendant denies any allegations of wrongdoing.

92. Defendant is unable to admit or deny the allegations presented in paragraph 92 as it has no knowledge of the same. However, to the extent necessary, Defendant denies any allegations of wrongdoing.

93. Defendant is unable to admit or deny the allegations presented in paragraph 93 as it has no knowledge of the same. However, to the extent necessary, Defendant denies any allegations of wrongdoing.

94. Defendant is unable to admit or deny the allegations presented in paragraph 94 as it has no knowledge of the same. However, to the extent necessary, Defendant denies any allegations of wrongdoing.

**XVIII. FOURTEENTH CLAIM FOR RELIEF**
**15 U.S.C. §1681i(7)**
**(Defendants Experian, Equifax and TransUnion)**

95. Paragraph 95 is a recitation of all previous paragraphs; therefore, no admission or denial is required. However, to the extent necessary, Defendant denies any allegations of wrongdoing.

96. Defendant is unable to admit or deny the allegations presented in paragraph 96 as it has no knowledge of the same. However, to the extent necessary, Defendant denies any allegations of wrongdoing.

97. Defendant is unable to admit or deny the allegations presented in paragraph 97 as it has no knowledge of the same. However, to the extent necessary, Defendant denies any allegations of wrongdoing.

98. Defendant is unable to admit or deny the allegations presented in paragraph 98 as it has no knowledge of the same. However, to the extent necessary, Defendant denies any allegations of wrongdoing.

99. Defendant is unable to admit or deny the allegations presented in paragraph 99 as it has no knowledge of the same. However, to the extent necessary, Defendant denies any allegations of wrongdoing.

## XIX. JURY DEMAND AND PRAYER FOR RELIEF

Defendant denies the allegations in the paragraph which begins "WHEREFORE. . . .," including subparagraphs A. through D.

**AND NOW**, after having responded to the allegations in the Complaint, Defendant pleads the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to allege sufficient facts which, if proved, would entitle the Plaintiff to relief of any kind or character against Defendant.

## SECOND AFFIRMATIVE DEFENSE

Any and all failures to comply with the requirements of the FDCPA which may have occurred, and about which Plaintiff complains, if they occurred, were not intentional, but resulted from bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. Therefore, under the provisions of 15 U.S.C.A. § 1692k(c), Defendant is not liable to Plaintiff.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's lawsuit is barred in whole or in part by 15 U.S.C.A. § 1692k(d). Defendant further invokes all other available state and federal statutes of limitation or repose.

## FOURTH AFFIRMATIVE DEFENSE

Any hypothetical harm or injury to Plaintiff is due to, or contributed by, Plaintiff's own negligence.

## FIFTH AFFIRMATIVE DEFENSE

At all pertinent times, Defendant acted in good faith and in compliance with any and all relevant federal and state laws including, without limitation, the FDCPA and FCRA.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitation.

## SEVENTH AFFIRMATIVE DEFENSE

The alleged medical debt was legitimately and lawfully incurred by Plaintiff but was never paid by Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant denies any causal connection between its actions or omissions and any damages sought by the Plaintiff, including mental and emotional distress, damage to credit rating, and the alleged resulting credit damages to Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

Defendant pleads contributory and comparative negligence.

## TENTH AFFIRMATIVE DEFENSE

Defendant pleads in the alternative that any damages the Plaintiff has incurred are the result of acts or omissions of individuals or entities other than

Defendant for which Defendant is not legally responsible and over which this Defendant has no control or responsibility.

### ELEVENTH AFFIRMATIVE DEFENSE

As discovery into this matter is ongoing, the Defendant reserves the right to assert additional claims and affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

### TWELFTH AFFIRMATIVE DEFENSE

Any claim in the complaint not specifically admitted is denied.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendant assert that any award of punitive damages against it would be in violation of the rights afforded to Defendant in the United States Constitution and the Constitution for the State of Louisiana.

### FIFTHTEENTH AFFIRMATIVE DEFENSE

All claims against Defendant are barred because any purported damages allegedly suffered by Plaintiff were not caused by Defendant, but by an independent intervening cause (e.g., accurate negative credit information regarding Plaintiff).

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendant asserts herein all defenses and limitations of remedy available to Defendant under the FDCPA, FCRA and/or any other statute applicable to this case.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Affirmatively and alternatively, any statement made or information provided by Defendant relating to Plaintiff was at all relevant times accurate and true.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant affirmatively pleads that Plaintiff has not suffered any actual damages as a result of the alleged acts and/or omissions of Defendant.

### NINETEENTH AFFIRMATIVE DEFENSE

Any damages allegedly sustained by Plaintiff were not proximately caused by an act or omission of Defendant.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff comes into Court with unclean hands.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff assumed the risk of injury associated with her failure to act and failure to abide by the terms and conditions of her written agreement with her original creditor.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are an attempt to unjustly enrich the Plaintiff. La. Civ. Code art. 2055 (equity and usage).

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff cannot be harmed to the extent that she consented to the alleged acts or omissions causing her alleged harm. La. Civ. Code art. 1927 (consent).

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

The Defendant pleads the defense of waiver, to the extent applicable.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered any actual or concrete harm or injury and thus lacks standing to sue under Article III of the United States Constitution.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff is attempting to recover damages that are completely speculative in nature.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred as a matter of law as the Complaint makes numerous blatantly false claims as to Defendant.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claim for damages must be reduced by all available setoffs and recoupment defenses.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs claim stems from a credit repair organization, Defendant invokes terms of, rights of and defenses available to it under the Credit Repair Organization Act ("CROA").

**WHEREFORE PREMISES CONSIDERED**, Defendant, Paramount Recovery Systems, L.P. prays that this, its Answer, be deemed good and sufficient and that, after due proceedings be had, there be a judgment in favor of Paramount Recovery Systems, L.P. dismissing the Complaint, with prejudice, and at Plaintiff's cost.

Paramount Recovery Systems, L.P. further prays for any and all other general and equitable relief.

This, the 19th day of November, 2024.

> Respectfully submitted,
>
> **PARAMOUNT RECOVERY SYSTEMS, L.P.**
>
> BY: /s/ *Johanna M. McMullan*
> JOHANNA M. MCMULLAN (#24555)
> *Page Mannino Peresich & McDermott, P.L.L.C.*
> Post Office Box 16450
> Jackson, MS 39236-6450
> Telephone: (228) 374-2100 Ext. 202
> Fax: (228) 432-5539
> Email: Johanna.McMullan@pmp.org

## CERTIFICATE OF SERVICE

I, Johanna M. McMullan, hereby certify that on this day I electronically filed the above and foregoing document with the Clerk of this Court using the CM/ECF system which sent notification of said filing to all counsel of record.

This, the 19th day of November, 2024.

> /s/ *Johanna M. McMullan*
> JOHANNA M. MCMULLAN